UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Lawrence Leeds</u>

   v.                                  Civil No. 10-cv-109-JD
                                          Opinion No. 2010 DNH 167

<u>BAE Systems</u>

O R D E R

Lawrence Leeds filed suit in state court, alleging claims of wrongful termination and violation of the Family and Medical Leave Act against his former employer, BAE Systems.[1]  BAE Systems removed the case to this court, based on federal question jurisdiction, and moved to dismiss.  Leeds filed an "Amended Writ of Summons" in response to BAE System's motion, which was allowed, causing the motion to dismiss to become moot. BAE Systems again moves to dismiss Leeds's claims, and Leeds objects.

<u>Standard of Review</u>

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts as true the well-

---

[1] In its disclosure statement, BAE Systems identifies itself as BAE Systems Information and Electronic Systems Integration Inc., with its main address in Nashua, New Hampshire.

pleaded allegations in the complaint and takes reasonable inferences in the plaintiff's favor. <u>Martino v. Forward Air, Inc.</u>, 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). The plausibility standard does not require a probability but is more than a mere possibility. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). The plaintiff must allege more than legal conclusions, unsupported accusations, and "'formulaic recitation[s] of the elements of a cause of action.'" <u>Id.</u> (quoting <u>Bell</u>, 550 U.S. at 555).

## Background

Leeds worked at BAE Systems in Nashua, New Hampshire, from June of 2001 until he was terminated in April of 2009. He worked as a quality control inspector, an Inprocess Inspector III. Leeds alleges that he did well in work evaluations, that he was found to be a "team player," and that he was well liked by his fellow workers and the customers.

As a quality control inspector, Leeds was required to communicate criticism effectively to production employees when the products they produced did not meet a customer's

requirements.  Leeds found his work to be extremely stressful.
Although Leeds was entitled to vacation time and other leave
time, he could not take time if the company did not have
coverage for quality control inspection.  For example, Leeds
requested a day off on February 4, 2009, because he needed to
relieve his work stress, which was initially granted, but that
day he was called in to work.

    An assembler filed a complaint against Leeds, alleging that
he used abusive language toward her on February 5, 2009.  As a
result, Leeds met with Margaret Aieta, who worked in the human
resources department.  Leeds felt that he was not given an
adequate opportunity to defend himself and that Aieta had
already made up her mind before hearing from him.  He explained
to Aieta that he was under stress in part because his elderly
mother, who lived alone in Florida, had fallen and broken her
hip and her health was deteriorating.  Aieta did not offer leave
under the Family and Medical Leave Act or any other assistance.
Although Leeds received a written warning as a result of the
incident, Leeds's supervisor believed the warning was not
warranted and advocated on Leeds's behalf.

    On April 20, 2009, Leeds was the victim of road rage while
on his way to work.  The incident occurred when Leeds's lane and
another lane of traffic were required to merge and a driver in

the other lane became angry when Leeds preceded her.  The other driver tailgated close to Leeds's car and made rude hand gestures, which made Leeds nervous and uncomfortable.  The other driver followed Leeds to the BAE Systems's parking lot.  When Leeds got out of his car, the other driver blocked him in with her car, "verbally assaulted" him, and took cell phone pictures close to his face.  Leeds pushed the cell phone away from his face.

On April 30, 2009, Leeds met with Aieta again.  Aieta terminated Leeds's employment at BAE Systems because of the incident in the parking lot on April 20, 2009.  In the termination letter, Leeds was told that he was terminated because of the allegations of abusive and threatening language and behavior toward an individual in the BAE Systems parking lot.  He was notified that he could contact Aieta to provide additional information bearing on the termination decision and that he could appeal the decision or participate in the company's dispute resolution program.  When Leeds contacted BAE Systems as advised in the letter, he received no response.

## Discussion

In his amended complaint, Leeds alleges that BAE Systems violated its policies, procedures, and written standards in the

manner in which Leeds was terminated; that BAE System's action is against public policy; and that BAE Systems violated the Family and Medical Leave Act ("FMLA").  BAE Systems moves to dismiss, contending that Leeds cannot prove his wrongful discharge or FMLA claims.  BAE Systems also contends that Leeds did not plead a breach of contract claim, but if so, that claim also fails.

A.  FMLA Claim

Under the FMLA, an eligible employee may take up to twelve weeks of leave, per year, in certain family and medical circumstances.  See 29 U.S.C. § 2612(a)(1).  To be eligible for FMLA benefits, an employee must meet employment duration requirements and the employer must employ fifty or more employees within seventy-five miles of the employee's worksite.[2]  29 C.F.R. § 825.110(a); Engelhardt v. S.P. Richards Co., Inc., 472 F.3d 1, 3 (1st Cir. 2006).  "The FMLA provides a right of action for employees to recover based on an employer's interference with rights guaranteed by the act or for

---

[2]The durational requirements are that an eligible employee must have been employed for at least twelve months and must have been employed for at least 1,250 hours of service during the twelve-month period before the beginning of leave time. § 825.110(a)(1) & (2).

retaliation by employers against employees who exercise their FMLA rights." Roman v. Potter, 604 F.3d 34, 43 (1st Cir. 2010).

As a threshold issue, BAE Systems asserts that Leeds failed to allege facts to show that he was eligible for FMLA leave under § 825.110(a). Leeds's amended complaint, however, alleges that he was employed at BAE Systems beginning in June of 2001, which is more than twelve months before the incidents alleged in the complaint. See § 825.110(a)(1). He also alleges that he worked without time off, which supports a reasonable inference that he met the requirement of 1,250 hours of service. § 825.110(a)(2). Further, Leeds alleges that BAE Systems employed about 4,500 people, and although that appears to be a national total, the number would allow an inference at this early stage of the case that BAE Systems met the employee number requirement.

BAE Systems also contends that Leeds has not alleged a cause of action under the FMLA. Leeds does not cite any provision of the FMLA or its supporting regulations in his amended complaint as the basis for his claim. In response to BAE System's motion to dismiss, Leeds states that his interaction with a production employee which led to a complaint against him was due to his extreme work-related stress, stress caused by his mother's deteriorating health, and his inability

to get time off when he needed it to decompress.  He contends that Aieta's conduct "restrained the exercise of his FMLA rights and ultimately led to his termination."  As such, it appears that Leeds intends to claim eligibility under 29 U.S.C. § 2612(a)(1)(D), which pertains to an employee's own serious health condition that makes the employee unable to perform the functions of his work.  Leeds also asserts that his failure to ask for leave does not preclude his claim because it was Aieta's duty to recognize his need for FMLA leave.

To succeed on a claim under the FMLA, an employee must show that he qualified for FMLA benefits, that he gave his employer appropriate notice, and that his employer denied him FMLA benefits.  <u>Wheeler v. Pioneer Dev'l Servs., Inc.</u>, 349 F. Supp. 2d 158, 164 (D. Mass. 2004).  In addition to the threshold requirements under § 825.110(a), to qualify for FMLA benefits under § 2612(a)(1)(D), an employee must have a serious health condition, meaning "an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."  § 2611(11); <u>see also</u> <u>Hodgens v. Gen. Dynamics Corp.</u>, 144 F.3d 151, 161 (1st Cir. 1998).  When the need for FMLA leave is unforeseeable, an employee must notify his employer as soon as is practicable that

he requires leave and must "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request."  29 C.F.R. § 825.303(a) & (b); see also 29 C.F.R. § 825.304.

As BAE Systems points out, Leeds failed to allege a serious medical condition and also failed to allege that he gave appropriate notice to Aieta.  In his objection to the motion to dismiss, Leeds merely states that he was experiencing stress, as he alleges, and asserts that Aieta was obligated to offer him help under the FMLA.  Leeds cites no apposite authority to support his theory that his employer was required to ascertain his need for FMLA leave.[3]  Because Leeds has not alleged that he was eligible for FMLA leave under § 2612(a)(1), he has not stated a claim under the FMLA.  Therefore, Leeds's FMLA claim is dismissed.

---

[3]In support, Leeds cites 29 C.F.R. § 825.300 that provides the FMLA requirements for employers to notify employees, through posted notices, of the provisions of the FMLA; for employers to give employees who request FMLA leave notice of their eligibility for FMLA leave, for employers to provide notice of the specific expectations and obligations of the employee on FMLA leave; and for employers to designate particular leave time as FMLA-qualifying.  Section 825.300(e) provides the consequences of failure to provide required notice.  Nothing in § 825.300 suggests that an employer is required to divine when an employee may be entitled to FMLA leave in the absence of a request or notice from the employee.

B.   <u>State Law Claims</u>

BAE Systems removed the case to this court based on federal question jurisdiction, arising from Leeds's FMLA claim.  <u>See</u> 28 U.S.C. § 1441(b); 28 U.S.C. § 1331.  In his state court writ, Leeds also alleged wrongful termination, which was removed to this court based on supplemental jurisdiction provided for removal actions.  <u>See</u> § 1441(c).  When separate or independent claims are removed with a federal question claim, the court, "in its discretion, may remand all matters in which State law predominates."  § 1441(c).

Here, the basis for federal question jurisdiction, Leeds's FMLA claim, is dismissed, leaving only Leeds's claim or claims under state law.[4]  Because state law now predominates in this case and given the early stage of the litigation, the court concludes that it is appropriate to decline to exercise supplemental jurisdiction over the state law claims.  <u>See</u> § 1441(c); <u>see also</u> 28 U.S.C. § 1367(c)(3).  The case is remanded to state court.

---

[4]To the extent Leeds intends to raise a breach of contract claim, BAE Systems objects that the claim is not properly pleaded in the complaint.

9

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 15) is granted in part, as to the plaintiff's claim under the Family and Medical Leave Act.  The court declines to exercise supplemental jurisdiction over the state law claim or claims, which are remanded to Hillsborough County (South) Superior Court.

The clerk of court shall enter judgment accordingly, on the Family and Medical Leave Act claim, and return the case to Hillsborough County (South) Superior Court.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 28, 2010

cc:  Janine Gawryl, Esquire
     Daniel E. Will, Esquire